UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | No. 2:24-cv-02445 SCR P |
| Plaintiff, | |
| v. | ORDER & FINDINGS AND RECOMMENDATIONS |
| RONALD BROOM, et al., | |
| Defendants. | |

Plaintiff is incarcerated in state prison and proceeding pro se with this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated the action by filing a complaint on September 5, 2024 (ECF No. 1) and sought leave to proceed in forma pauperis (ECF No. 2). However, a review of court records shows that plaintiff is a "three strikes" litigant. 28 U.S.C. § 1915(g). Calloway v. Nieves, No. 2:19-cv-1792 KJM CKD P, 2020 WL 6074593 (E.D. Cal. Oct. 15, 2020), report and recommendation adopted, No. 2:19-cv-1792 KJM CKD P, 2021 WL 217451 (E.D. Cal. Jan. 21, 2021). Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The "imminent danger" exception applies at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasizing that "it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)"). A prisoner's complaint can demonstrate "imminent danger" by alleging "an ongoing danger." Id. at 1056–57 (holding that "a prisoner who alleges that prison officials continue[d]

1

with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard"); see also Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015) ("[A] prisoner subject to the three-strikes provision may meet the imminent danger exception and proceed in forma pauperis on appeal if he alleges an ongoing danger at the time the notice of appeal is filed.").

The complaint alleges that nearly 200 state prison officials conspired to deny plaintiff medical care and ADA services between July 20, 2023, and November 8, 2023. (ECF No. 1 at 14-19.) The crux of the allegations is that plaintiff has received several false and retaliatory rules violations reports ("RVRs") for not wearing "state blues" during ADA escorts to hemodialysis treatment. Plaintiff claims that state regulations, Cal. Code. Regs., tit. 22, § 79799,[1] and facility dress code policies contain no such requirement. Defendants denied his access to dialysis and falsified paperwork to say he refused dialysis for not wearing "state blues." Plaintiff was hospitalized thirteen times before the issue was resolved on November 8, 2023. By way of relief, plaintiff seeks $1 million dollars from each defendant. (Id. at 20.)

Despite the seriousness of the allegations, the undersigned does not find that the complaint presents an imminent risk of serious physical injury under § 1915(g). The complaint repeatedly emphasizes that the denial of dialysis and ADA services ended on November 8, 2023, which was about ten months before plaintiff filed the complaint on September 5, 2024. Thus, because the alleged harmful practice had long ceased, there was no "ongoing danger" when plaintiff initiated the action. Accordingly, the undersigned recommends that plaintiff's request for leave to proceed in forma pauperis be denied.[2]

---

[1] Cal. Code Regs., tit. 22, § 79799 sets forth the rights of inmate-patients.

[2] Plaintiff filed a nearly identical complaint against prison medical providers on the same day he initiated this action. In that case, Magistrate Judge Delaney similarly found no imminent danger from the face of the complaint and recommended plaintiff's request to proceed in forma pauperis be denied. Calloway v. Naphcare Inc., No. 2:24-cv-2446 CKD P, 2024 WL 4466575 (E.D. Cal. Sept. 19, 2024) ("The allegations in plaintiff's complaint concern prior wrongs and plaintiff does not point to anything suggesting he is in imminent danger of serious physical injury."). Judge Delaney later vacated the recommendation when plaintiff paid the filing fee. Calloway v. Naphcare Inc., No. 2:24-cv-2446 CKD P, 2024 WL 4374452 (E.D. Cal. Oct. 2, 2024), reconsideration denied, No. 2:24-cv-2446 DJC CKD, 2025 WL 510324 (E.D. Cal. Feb. 14, 2025).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a District Judge to this action.

In addition, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request to proceed in forma pauperis (ECF NO. 2) be denied; and

2. Plaintiff be granted thirty (30) days from the date of the adoption of this finding and recommendation to pay the $405 filing fee for this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE